**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| MIDDLECAP ASSOCIATES, LLC | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 2022-0234-MTZ |
| | ) | |
| THE TOWN OF MIDDLETOWN, a | ) | |
| Municipal corporation of the State of | ) | |
| Delaware, THE TOWN OF | ) | |
| MIDDLETOWN TOWN COUNCIL, | ) | |
| the governing body of the Town of | ) | |
| Middletown, and KENNETH L. | ) | |
| BRANNER, JR., JAMES REYNOLDS, | ) | |
| AARON BLYTHE, JAMES ROYSTON, | ) | |
| DREW CHAS, ROBERT MCGHEE and | ) | |
| ROBERT STOUT, in their individual | ) | |
| and official capacities as Member of the | ) | |
| Town of Middletown Town Council | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER GRANTING MOTION TO DISMISS

WHEREAS:

A.      Petitioner Middlecap Associates, LLC has asked this Court of equity for a declaratory judgment and injunction against the above-listed Respondents to remedy what Petitioner alleges was an arbitrary, capricious, factually unsupported, and legally erroneous denial of a conditional use permit, which Petitioner alleges should have been granted under the governing town code (the "Town Code"). Petitioner also alleges procedural defects, including ex parte communications between Respondents and persons opposed to the conditional use.  On March 11,

2022, Petitioner brought three counts for declaratory judgment, two of which allege violations of the town code and the Delaware code, and a fourth count for injunctive relief "compelling the Respondents to approve the Petitioner's Application."[1] The complaint relies on "Article IV, Section 10 of the Delaware Constitution of 1987, as amended, 10 *Del. C.* § 341, 10 *Del. C.* § 6501-6502, and this Court's equitable cleanup doctrine" for subject matter jurisdiction.[2]

B.    On May 11, Respondents moved to dismiss, asserting this Court lacks subject matter jurisdiction over Petitioner's declaratory judgment claims that need not be enforced by an injunction, and that Petitioner's allegations fail to satisfy the criteria for injunctive relief (the "Motion to Dismiss").[3] The parties briefed the Motion to Dismiss and I took it under advisement on January 31, 2023.[4]

**AND NOW** this 2nd day of February, 2023, **IT IS ORDERED** that the Motion is **GRANTED** and the Complaint is dismissed subject to being transferred to the Superior Court under 10 *Del. C.* § 1902.

1.    As a prefatory matter, because an injunction is a remedy rather than a cause of action, I consider Petitioner's complaint to be seeking three declaratory judgments and an injunction based on violations of governing positive law and the

---

[1] Docket Item ("D.I.") 1 ¶ 49.

[2] *Id.* ¶ 3.

[3] D.I. 5.

[4] D.I. 9, 13, 14.

Respondents' obligations in considering a conditional use permit. I therefore take on the Motion to Dismiss, including the argument that Petitioner has not fairly pled the need for an equitable remedy, under Court of Chancery Rule 12(b)(1). Petitioner bears the burden of establishing that the Court has subject matter jurisdiction over its claims.[5]

2. Earlier today, my chambers issued *Delta Eta v. Mayor & Council of the City of Newark*, C.A. No. 2021-1106-MTZ, D.I. 45 (Del. Ch. Feb. 2, 2023). In that opinion, I did my best to explain that this Court lacks subject matter jurisdiction over cases like this one, in which the petitioner seeks a declaratory judgment enforced by an injunction to remedy and reverse the allegedly wrongful denial of a conditional use permit application. This type of claim is a legal claim based on statutory rights, but without a specific grant of statutory jurisdiction. To secure this Court's jurisdiction, the claim must require equitable relief due to the absence of an adequate remedy at law. *Delta Eta* explains that this Court will lack jurisdiction where a plaintiff fails to plead an injunction is needed to prevent future harm, or is otherwise necessary to enforce a declaratory judgment as against governmental actors, who our law presumes will comply with any declaratory judgment.[6] It also

---

[5] *Maloney-Refaie v. Bridge at Sch., Inc.*, 2008 WL 2679792, at *7 (Del. Ch. July 9, 2008).

[6] *See In re COVID-Related Restrictions on Religious Servs.*, 285 A.3d 1205, 1233 (Del. Ch. 2022).

explains that where a writ of certiorari is available, the plaintiff bears the burden of establishing that writ cannot afford an adequate remedy at law.

3. My reasoning and conclusions in *Delta Eta* apply with equal force to this matter. The denial of Petitioner's conditional use permit was a quasi-judicial act, guided by Town Code requirements for a conditional use allowed in the C-3 Zoning districts. For the reasons stated in *Delta Eta*, a writ of certiorari is or was available to Petitioner.

4. The parties' briefing does not address the issue of whether a writ of certiorari issued by the Superior Court could provide an adequate remedy. Nevertheless, I find that a writ of certiorari is or was available, and capable of affording an adequate remedy at law. Accordingly, this Court lacks subject matter jurisdiction over Petitioner's claims.

5. Additionally, Petitioner argues that a declaratory judgment invalidating the denial of Petitioner's application affords an inadequate remedy because without an injunction, Petitioner must reapply and potentially face another wrongful denial. It appears to me that Petitioner could have sought a declaration that it was entitled to the conditional use permit based on the record before the Town of Middletown Town Council, which would have obviated the need for injunctive relief.[7] Petitioner's reliance on *Gibson v. Sussex County Council* does not mandate

---

[7] *See In re COVID-Related Restrictions*, 285 A.3d at 1233.

4

a different outcome.[8]  *Gibson* found that under the facts and circumstances of the case, the exercise of equitable jurisdiction was "justifiable," and does not stand for the proposition that this Court will always have jurisdiction over challenges to the denial of conditional use permits.[9]  Petitioner has failed to demonstrate that a declaratory judgment could not provide full and fair relief under the circumstances of this case.

6.  I do not reach whether Petitioner has stated a claim for monetary damages or a basis to shift attorneys' fees.  Those matters must be decided by a court with subject matter jurisdiction to do so.

*/s/ Morgan T. Zurn*
Vice Chancellor Morgan T. Zurn

---

[8] 877 A.2d 54 (Del. Ch. 2005).

[9] *Id.* at 79–80.